*8 Justice Stevens,
with whom Justice Ginsburg joins, dissenting.
There is an obvious distinction between time limits that go to the very initiation of a petition, and time limits that create an affirmative defense that can be waived. Compare the majority and dissenting opinions in John R. Sand & Gravel Co. v. United States, 457 F. 3d 1345 (CA Fed. 2006), cert. granted, 550 U. S. 968 (2007). The time limit under consideration in Pace v. DiGuglielmo, 544 U. S. 408 (2005), was of the former kind — as the Court’s opinion expressly noted. See id., at 417 (discussing “time limits, which go to the very initiation of a petition and a court’s ability to consider that petition”). The time limit at issue in this case is of the latter, distinguishable kind — as the Court of Appeals correctly stated. 480 F. 3d 1089, 1090 (CA11 2007) (holding that Pace did not address statutory tolling for “a statute of limitations that operated as an affirmative defense”).
It is true that there is language in the majority opinion in Pace that is broad enough to cover both kinds of limitations provisions, but only the former (those that do not operate as affirmative defenses) can even arguably provide a reasonable basis for concluding that an untimely petition has not been “properly filed” within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214.* I therefore respectfully dissent.

1 continue to believe, as stated in my dissent in Pace, 544 U. S., at 427, that state timeliness bars that operate like procedural bars (for example, those that require the courts to consider enumerated exceptions) should not determine whether a state posteonviction petition is “properly filed” under AEDPA. Even accepting Pace, however, this case is distinguishable and should not be summarily reversed.